IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

WEST COAST LIFE INSURANCE CO.,  )
                                )
            Plaintiff,           )
                                )
    v.                           )       No.  10 C 3116
                                )
BANK OF AMERICA, N.A., et al.,  )
                                )
            Defendants.          )

                        MEMORANDUM ORDER

West Coast Life Insurance Company ("West Coast") has brought this interpleader action against Bank of America, N.A. ("Bank") and the Estate of Willard N. Nyman ("Estate"), invoking federal jurisdiction under 28 U.S.C. §1335(a).[1]  This sua sponte memorandum order is triggered by the obvious question as to West Coast's decision to file in this judicial district.

Bank is of course ubiquitous and is known to have a substantial Illinois presence.  For its part, West Coast alleges in Complaint ¶1 that although it is incorporated in Nebraska and has its principal place of business in California, it too is authorized to do business in Illinois.  But the third player in the cast of characters--Estate--is not only a Michigan citizen under Section 1332(c)(2) because decedent Willard Nyman was a citizen of that state at the time of his death (Complaint ¶3),

---

[1] All further references to Title 28 provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C." On another point, Complaint ¶5 identifies 28 U.S.C. §1332 as an alternative fount of jurisdiction, but any such resort to belt and suspenders seems needless.

but Complaint Ex. A reflects that letters testamentary were issued to Margaret Nyman of Sawyer, Michigan in March of this year.

It is true that Section 2361 provides for the nationwide service of process in this interpleader action, so that Ms. Nyman is subject to the personal jurisdiction of this District Court. Even so, it is possible that she might prefer to litigate on her home turf rather than proceeding in this judicial district--and if so, that would not appear to pose an undue hardship on either West Coast or Bank.  But any such prospect is certainly premature, and in the meantime this Court is contemporaneously issuing its customary initial scheduling order, anticipating that potential question identified here may be addressed at the initial status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 21, 2010